### EPSTEIN v. BUNN.   (No. 7656.) *

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1926. Rehearing Denied Jan. 19, 1927.)

Brokers ⟨Key⟩56(3) — Real estate broker, employed to sell, was entitled to commission, where purchaser procured by him bought directly from owner.

Real estate broker, employed to sell property, was entitled to commission, where purchaser procured by him bought land directly from owner, since broker who is instrumental in bringing vendor and purchaser together is entitled to compensation.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by T. A. Bunn against William Epstein. Judgment for plaintiff, and defendant appeals. Affirmed.

Hicks, Hicks, Dickson & Bobbitt and R. D. Wright, all of Laredo, for appellant.

Pope, Pope & Pope, of Laredo, for appellee.

FLY, C. J. Appellee sued for, and recovered, through the verdict of a jury, from appellant, the sum of $1,250, claimed to have been due as a 5 per cent. commission on the sale of certain land belonging to appellant to Borchers and wife.

The cause was submitted to a jury on a single issue, as follows:

"Was the plaintiff, T. A. Bunn, as a real estate broker, with the knowledge of defendant, the procuring and moving cause of the sale of the property in question from the defendant to the purchaser?"

The jury answered in the affirmative. The evidence showed that appellee was a real estate broker, and that the property in question, that is, lots 1, 2, 3, and 4 in block No. 722, Eastern division of the city of Laredo, with the improvements thereon, was listed with appellee. Borchers called the attention of appellant, at the time the sale was being consummated, to the fact that Bunn had solicited him to buy the property. Borchers swore that he said to appellant:

"What are you going to do with Mr. Bunn? He put this proposition up to me in good faith."

Appellant had formed the intention at that time not to pay any commission, and so informed Borchers. Appellant employed appellee to sell the property, and was liable for the customery commissions. Appellee found a purchaser, who purchased for the price fixed by appellant.

The only issue in the case was, Did appellee procure a purchaser for the land sold by appellant? And that issue was presented to the jury, and was answered in the affirmative.

Whenever an agent is instrumental in bringing the buyer and seller together, and a sale is effected, the agent is entitled to his compensation. No matter how many agents may have been employed by appellant, the agent who procured a purchaser had earned the commissions. No one else is claiming commissions.

Appellant was told by the prospective buyer that appellee was the procuring cause of the sale. Appellee caused Borchers to talk to his wife about the land, and in that way the sale was consummated. Borchers told Epstein that the trade was brought about by women that his wife had got interested in the purchase.

The judgment is affirmed.